IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTOINE GRAYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  04-3126 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Petitioner Antoine Grayer's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition).  For the reasons set forth below, Grayer's Petition is to be set for evidentiary hearing after Petitioner advises the Court as to whether he intends to be represented by privately retained counsel at the hearing or whether he seeks to have counsel appointed due to indigency.  If he seeks appointed counsel, he must file a financial affidavit.

## BACKGROUND

On August 5, 2003, pursuant to a written plea agreement, Grayer pleaded guilty to the following charges in the four-count Indictment:

1

possession with intent to distribute a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute a controlled substance, marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 4). Pursuant to the plea agreement, Grayer waived his right to collaterally attack his conviction and/or sentence. See Plea Agreement, CDIL Case No. 03-30022 (d/e 17).

At the change of plea hearing, before accepting Grayer's pleas of guilty to all counts of the Indictment, the Court conducted a thorough colloquy pursuant to Federal Rule of Criminal Procedure 11. During the Rule 11 colloquy exchange between the Court and Grayer, the Court repeatedly asked Grayer whether he was entering his plea knowingly and voluntarily, and Grayer said "Yes." When the Court asked him whether he had consulted with his retained attorney, John Taylor, and discussed all of the contents of the plea agreement, Grayer responded affirmatively. When the Court repeatedly asked Grayer whether he was satisfied with his attorney's representation, Grayer responded affirmatively. Following the Rule 11

2

colloquy, the Court accepted Grayer's pleas of guilty to all counts of the Indictment.

On February 4, 2004, the Court sentenced Grayer to 243 months of imprisonment, which consisted of 183 months on Count 1, 120 months on each of Counts 2 and 4, to run concurrently, and 60 months on Count 3 to run consecutively to the sentences imposed on Counts 1, 2, and 4.

## ANALYSIS

On June 3, 2004, Grayer filed the instant Petition, asking the Court to vacate, set aside, or correct his convictions and sentences pursuant to 28 U.S.C. § 2255. In his Petition, Grayer raised three reasons why his convictions and sentences should be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. After the Court's initial consideration of Grayer's Petition under Rule 4 of the Rules Governing § 2255 cases, the only remaining issue before the Court now is whether Grayer's attorney rendered ineffective assistance of counsel during the plea negotiation process.

Specifically, Grayer claims that, had his counsel promptly informed him of a proposed plea agreement in which the Government agreed to dismiss Count 3 of the Indictment, the count which carried a sixty-month

mandatory consecutive sentence, he would have agreed to the Government's proposal, changed his plea sooner, and avoided receiving the consecutive sixty-month sentence for his conviction on Count 3. Grayer requests an evidentiary hearing on his Petition. In support of his Petition, Grayer has submitted an Affidavit in which he states that he became aware of the Government's proposed plea agreement some time following his sentencing when he received a copy of his case file from his attorney. Grayer attests that the documents he received from his attorney included a letter sent by Assistant United States Attorney Esteban Sanchez to Attorney Taylor on August 1, 2003, which, according to Grayer, basically indicated that the Government would dismiss Count 3 in exchange for his plea of guilty to Counts 1, 2, and 4. Grayer contends that his attorney was deficient for failing to present the Government's proposed offer to him for his consideration before the change of plea hearing and his sentencing.

The Seventh Circuit has explained that a plea agreement containing a clause that waives a petitioner's "right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000)(citing Mason v. United States, 211 F.3d 1065, 1069

(7th Cir. 2000)). At issue in this case is whether Grayer's counsel was ineffective during the plea negotiation process. In order to assess the counsel's performance or conduct during the pleading phase, the Supreme Court has held that courts must apply the Strickland test. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, to prevail on his claim of ineffective assistance of counsel during the plea negotiation stage, Grayer must show that: (1) his attorney's performance was objectively unreasonable, and (2) such performance prejudiced him. Strickland, 466 U.S. at 687-88. The Court evaluates "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. This Court's review of counsel's performance is "highly deferential." Id. at 689.

Additionally, the Seventh Circuit has held "that in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth Amendments." Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir. 1986). A defendant must not merely be informed of the proposed agreement, but

5

must also be involved in the decision to accept or reject the proffered agreement. Id.

The Government has submitted Attorney Taylor's Affidavit in which he attests that he met with Grayer on two separate occasions before the change of plea hearing, specifically informing him of the Government's proposal to dismiss Count 3 in exchange for Grayer pleading guilty to the remaining counts in the Indictment.[1] Government's Response to Grayer's Petition (d/e 6), Exhibit 4, Affidavit of Attorney John Taylor (Taylor Aff.). Relying on the record evidence, the Government argues that Grayer's ineffective assistance of counsel claim is unavailing because Grayer's own statements during the Rule 11 colloquy belie his allegation that his attorney was deficient and because Grayer's self-serving assertions contradict the record evidence, specifically Taylor's Affidavit. However, following the Government's response to his Petition, Grayer also submitted his Affidavit

---

[1] Attorney Taylor further states in his Affidavit that two days before the change of plea hearing, on August 3, 2003, he and Investigator Bill Clutter met with Grayer. Taylor states that during this meeting, he told Grayer that he was told that "the government was contemplating charging him with obstruction of justice for his reported attempts to intimidate witnesses or coerce witnesses into giving false testimony." Taylor Aff., ¶ 12. He further states that he told "Grayer that if he did not accept a plea agreement and was subsequently convicted of all of the current charges plus additional obstruction charges[,] he could receive a sentence in excess of 30 years in prison, a de facto life sentence. Defendant Grayer then agreed to accept an offer." Id. at ¶ 13.

6

in support of his Petition, which the Court will consider in evaluating his Petition. As noted earlier, since Grayer states in his Affidavit that he only became aware of the Government's proposed plea offer post-sentencing, Grayer's own statements regarding his satisfaction with his attorney's performance at the change of plea hearing do not undermine his contention that his counsel rendered ineffective assistance of counsel by failing to inform him of the supposed plea offer before his change of plea and sentencing hearings. Accordingly, the Court turns to the merits of the issue.

Having reviewed the evidence in the record, the Court finds that the statements in Grayer's Affidavit directly contradict Attorney Taylor's Affidavit statements. The Court is persuaded that an evidentiary hearing is necessary to weigh the evidence and to determine whether Attorney Taylor failed to relay a proposed plea agreement to Grayer, whether the Government's proposal was sufficiently definite to constitute an offer, and, if so, whether Grayer suffered any prejudice.

## CONCLUSION

THEREFORE, Petitioner Antoine Grayer is to advise the Court by May 5, 2006, whether he has retained counsel to represent him at a hearing on his Petition or whether he is requesting the Court to appoint counsel.

7

If Petitioner desires to have counsel appointed, he must file a financial affidavit, establishing his indigent status. The Court, thus, directs the Clerk of the Court to send Petitioner a financial affidavit form. Once the issue of counsel has been resolved, the Court will schedule an evidentiary hearing on the issue of whether Petitioner received ineffective assistance of counsel in the underlying case (CDIL Case No. 03-30022).

ENTER: April 19, 2006.

   FOR THE COURT:

                s/ Jeanne E. Scott
                JEANNE E. SCOTT
           UNITED STATES DISTRICT JUDGE