IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTOINE GRAYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-3126 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on July 26, 2006, for an evidentiary hearing on Petitioner Antoine Grayer's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition). The Government appeared by Assistant U.S. Attorney (AUSA) Gregory Gilmore. Petitioner Grayer was present in person and with counsel, Assistant Federal Public Defender Douglas Beevers. Based on the evidence presented in Court, Petitioner's Petition is ALLOWED. The conviction and Judgment in the underlying criminal case are set aside and the criminal case (03-30022) is re-opened for the Government to prosecute.

1

## BACKGROUND

On August 5, 2003, pursuant to a written Plea Agreement, Grayer pleaded guilty to all counts of the Indictment in which he was charged with the offenses of possession with intent to distribute a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute a controlled substance, marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 4). Pursuant to the Plea Agreement, Grayer waived his right to collaterally attack his conviction and/or sentence. See Plea Agreement, CDIL Case No. 03-30022 (d/e 17).

On February 4, 2004, the Court sentenced Grayer to 243 months of imprisonment, which consisted of 183 months on Count 1, 120 months on each of Counts 2 and 4, to run concurrently, and 60 months on Count 3 to run consecutively to the sentences imposed on Counts 1, 2, and 4. On June 3, 2004, Petitioner Grayer filed the instant Petition, asking the Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. In an Opinion dated April 19, 2006, this Court determined

that an evidentiary hearing was necessary to weigh the evidence to determine: (1) whether Petitioner Grayer's attorney, John Taylor, failed to relay a proposed plea agreement to Grayer, (2) whether the Government's proposal was sufficiently definite to constitute an offer, and, if so, (3) whether Petitioner Grayer suffered any prejudice.

ANALYSIS

In approximately late June or early July of 2003, AUSA Esteban Sanchez indicated to Attorney Taylor that, in exchange for Grayer's pleas of guilty to Counts 1, 2, and 4 of the Indictment, the Government would dismiss Count 3, which carried a sixty-month mandatory consecutive sentence.[1]  See Evidentiary Hearing held July 26, 2006, Plaintiff's Exhibit

---

[1] A letter from AUSA Sanchez to Attorney Taylor on August 1, 2003, recited the earlier plea offer made by AUSA Sanchez as follows:

> Please be advised that I received your message last evening whereby you indicated that you would be talking to Mr. Grayer this morning about his upcoming trial.  You indicated that you would let me know by noon today (August 1st) as to whether or not Mr. Grayer wishes to plead guilty or go to trial.
>
> To avoid any misunderstanding, I want to make the government's position very clear to Mr. Grayer.  Over four weeks ago, I told you that if Mr. Grayer would give me assurances that he would enter a plea to the drug charges (Counts 1 and 2) and the Felon in Possession charge (Count 4), I would talk to my supervisors about dismissing Count 3 (Possession of a Firearm during the Commission of a Drug Crime).  I explained that I had no authority for the dismissal but that with assurances from Mr. Grayer that he would plead to Count 1, which carries a mandatory minimum

3, <u>AUSA Sanchez letter dated August 1, 2003</u>.  At the request of Taylor, the deadline to respond to the plea proposal was eventually extended until July 21, 2003.  <u>Id.</u>  Petitioner testified at the hearing that Taylor never informed him of the Government's proposal.   Petitioner argues that, had Taylor promptly informed him of the Government's proposal, he would have accepted the offer and would have ultimately avoided receiving the consecutive sixty-month sentence for his conviction on Count 3.

The Seventh Circuit has explained that a plea agreement containing a clause that waives a petitioner's "right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in

---

> sentence, I would talk to the United States Attorney about the dismissal. However, nothing was guaranteed.  In our discussions, I told you that Mr. Grayer needed to decide quickly as the offer would not be available if the government had to start trial preparation.  You indicated to me that you would advise me of Grayer's decision the following day, Monday, July 7th, I did not hear from you.  I started to prepare for Mr. Grayer's trial as well as another trial scheduled for the same week.
>
> Two weeks later, the week of July 14th, you indicated that Mr. Grayer had rejected my offer and would agree to a five year sentence.  I rejected that counter offer.  You asked for the following Monday (July 21st) to talk to Mr. Grayer again about the government's offer and I agreed to your request.  I did not hear from you again until last evening.  As a result of this delay, I requested a continuance of the other trial (U.S. v. Frazer). I have also nearly completed my trial preparation in the Grayer case. Consequently, I am no longer in a position to ask the United States Attorney to consent to the dismissal of Count 3.
>
> * * * *
>
> <u>AUSA Sanchez letter dated August 1, 2003</u>.

4

negotiating the agreement." Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000)(citing Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000)). In order to assess the counsel's performance or conduct during the pleading phase, the Supreme Court has held that courts must apply the Strickland test. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, to prevail on his claim of ineffective assistance of counsel during the plea negotiation stage, Petitioner must show that: (1) his attorney's performance was objectively unreasonable, and (2) such performance prejudiced him. Strickland, 466 U.S. at 687-88. The Court evaluates "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. This Court's review of counsel's performance is "highly deferential." Id. at 689.

Additionally, the Seventh Circuit has held "that in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth Amendments." Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir. 1986). A defendant must not merely be informed of the proposed agreement, but

must also be involved in the decision to accept or reject the proffered agreement.  Id.

After reviewing the case file, the evidence presented, Petitioner's testimony, the testimony of other witnesses, and the arguments of counsel, the Court finds that Petitioner has met his burden in demonstrating that Attorney Taylor rendered ineffective assistance of counsel by failing to relay the Government's plea proposal to Petitioner in a timely manner and that Taylor's deficient performance prejudiced Petitioner.

In a letter dated August 1, 2003, AUSA Sanchez advised that his proposal to dismiss Count 3 in exchange for Grayer's pleas of guilty to the remaining counts of the Indictment had expired on July 21, 2003.  AUSA Sanchez letter dated August 1, 2003.  Attorney Taylor testified that he met with Grayer in the Sangamon County Jail on July 16 and July 23, 2003, to discuss the Government's proposal.  Attorney Taylor further testified that, on July 23, 2003, he recommended to Grayer that he accept the Government's proposal because it would be in his best interest, but Grayer refused to accept the offer, insisting that he would not plead to anything that would get him more than five years.  Contrary to Taylor's testimony, however, the Sangamon County Jail's visitor sign-in log from July 16, 2003,

6

through August 5, 2003, submitted as evidence, shows that Taylor visited Grayer only on July 23, 2003, not on July 16, 2003.  Evidentiary Hearing held July 26, 2006, Plaintiff's Exhibit 1, Sangamon County Jail's Interview Special Visitor Sign-in Log (Sign-in Log).

Moreover, Lieutenant Ronald L. Beckner from the Sangamon County Jail testified that he personally reviewed the Jail's visitor sign-in log for the entire month of July 2003 and the early part of August 2003, and found no record of Attorney Taylor visiting Grayer during the period from July 1 to July 15, 2003.  Attorney Taylor also testified that he never visited clients in the Jail without signing the visitor's log.  When Taylor in fact visited Grayer on July 23, 2003, the Government's plea offer had already expired, as indicated by AUSA Sanchez's letter dated August 1, 2003.[2]  As such, the Court finds that Taylor failed to relay the Government's proposed Plea Agreement to Petitioner in a timely manner, preventing Petitioner from being directly involved in the decision to either accept or reject the plea proposal before the July 21, 2003, deadline.  Under these circumstances, Taylor's performance was objectively unreasonable.

---

[2]Likewise, the evidence that Taylor visited Grayer several times in August of 2003, is also irrelevant because AUSA Sanchez's offer was no longer available after July 21, 2003.  See Sign-in Log.

The Government's proposal in this instance was sufficiently definite to constitute an offer because: (1) the Court is not aware of any instance in the Central District of Illinois where the United States Attorney refused to consent to a plea proposal recommended by an Assistant United States Attorney; (2) one case referenced in the record shows that the Government specifically dismissed the gun charge count that carried a mandatory sixty-month consecutive sentence in exchange for the Defendant entering pleas of guilty to the remaining charges; and (3) Taylor testified that he believed that AUSA Sanchez's proposal was a firm offer based upon assurances from Sanchez.[3]  Given that Petitioner ultimately signed a Plea Agreement in which he pled guilty to all counts of the Indictment, it appears that, had Petitioner been properly informed of the offer in a timely manner, he would have accepted AUSA Sanchez's proposal, which would have been more beneficial to Petitioner than the Plea Agreement he eventually signed.

Taylor's deficient performance prejudiced Petitioner because Petitioner testified that he would have accepted the offer and, had he done

---

[3]The Court notes that the Illinois Appellate Court has held that a state prosecutor's "communication inquiring whether petitioner would ' . . . take penitentiary time . . . on a plea of guilty to voluntary manslaughter'" constituted a definite offer in contractual sense. People v. Ferguson, 413 N.E.2d 135 (Ill. App. Ct. 1980). As a result, the Appellate Court held that the defense counsel was obligated to fully advise the petitioner of the prosecutor's plea proposal. Id.

so, he would have avoided receiving the consecutive sixty-month sentence on Count 3. It was also evident at the hearing that Taylor did not sufficiently understand the Sentencing Guidelines generally and the impact of the Guidelines on Grayer's case specifically, to explain the ramifications of Sanchez's proposal. Based on Taylor's testimony, it appeared to the Court that Taylor did not fully understand the subtle differences in the Guideline range between AUSA Sanchez's proposal and the written Plea Agreement that Grayer actually signed. A defense counsel rendering effective assistance would have adequately explained to the Defendant the impact of the Government's proposal on the Defendant's Guideline range and the significance of accepting such an offer.[4] Based on these facts and the consecutive sentence imposed, the Court finds that Petitioner was prejudiced.

## CONCLUSION

THEREFORE, Petitioner Antoine Grayer's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) is ALLOWED.

---

[4]The Court recognizes that defense counsel's mere incorrect Guideline prediction is not enough to show prejudice. See United States v. Fuller, 312 F.3d 287, 293 (7th Cir. 2002). However, Taylor's failure to relay AUSA Sanchez's proposal to Petitioner before the July 21, 2003, deadline, combined with his failure to adequately explain to Petitioner (who has only a ninth grade education) in an understandable manner about the effect of that particular offer on the Guideline range, demonstrates sufficient prejudice.

The conviction and Judgment in the underlying criminal case (03-30022) are set aside.  This § 2255 case is closed.  The Judgment in Case No. 03-30022 is VACATED.  Case No. 03-30022 is referred to Magistrate Judge Byron Cudmore for hearing to consider the issue of appointment of counsel for the Defendant and the issue of bond and detention, and to set new dates for pretrial conference and trial.

IT IS THEREFORE SO ORDERED.

ENTER:   August 7, 2006.

       FOR THE COURT:

                                   s/ Jeanne E. Scott
                                   JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE